UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

# DOCKET NO. 13-14541-D

_____

**UNITED STATES OF AMERICA**,

Appellee / Plaintiff,

v.

**BOBBY MADISON**,

Appellant / Defendant.

_____

On Appeal from the United States District Court
For the Southern District of Florida

_____

# MOTION TO SUPPLEMENT THE RECORD
# (Unopposed)

_____

Randee J. Golder, Esq.
RANDEE J. GOLDER, P.A.
PO Box 243756
Boynton Beach, FL 33424-3756
(561) 503-4398

THIS CASE IS ENTITLED TO PREFERENCE
(CRIMINAL APPEAL)

# CERTIFICATE OF INTERESTED PERSONS AND
# CORPORATE DISCLOSURE STATEMENT

Appellant, BOBBY MADISON, by and through the undersigned attorney, files this Certificate of Interested Persons and Corporate Disclosure Statement as required by F.R.A.P. 26.1.

Anton, Marc (Trial Attorney for Plaintiff)

Arencibia, Alejandro N. (Deceased Victim)

Bank of America (Victim)

Brink's, Inc. (Victim)

Brown, Terrence (Co-Defendant)

Cariglio, Gennaro , Jr. (Trial Attorney for Co-Defendant Toriano Johnson)

Davis, Daryl (Co-Defendant)

Dispoto, Mark (Trial Attorney for Plaintiff)

Ferrer, Wifredo A. (U.S. Attorney)

Fleischer, Bruce Harris (Trial Attorney for Co-Defendant Joseph Simmons)

Galvin, Harriett (Appellate Attorney for Plaintiff/Appellee)

Gilfarb, Michael (Trial Attorney for Plaintiff)

Johnson, Toriano (Co-Defendant)

Louis, Marshall Dore (Trial Attorney for Co-Defendant Terrence Brown)

Molina, Yoel (Trial Attorney for Plaintiff)

Richardson, Sally (Appellate Attorney for Plaintiff/Appellee)

Rosenbaum, Hon. Robin (Magistrate Judge on pretrial motions and Trial Judge)

Roth, Martin (Trial Attorney for Co-Defendant Daryl Davis)

Salyer, Kathleen, Chief Appellate Div., U.S. Attorney's Office (Attorney for Appellee)

Seitles, Marc (Trial Attorney for Co-Defendant Hasam Williams)

Walleisa, Michael (Trial Attorney for Plaintiff)

Williams, Hasam (Co-Defendant)

## MOTION TO SUPPLEMENT THE RECORD
(Unopposed)

Appellant, BOBBY MADISON, by and through his undersigned attorney, request this court allow him to supplement the record with a copy of the proposed defense jury instruction that is the basis for an issue on appeal.

Madison's reply brief is currently due October 14, 2014. However, the parties have jointly moved to stay this appeal pending the outcome of *United States v. Quartavious Davis*, 754 F.3d 1205, rehearing en banc granted, opinion vacated, *United States v. Davis*, ___ Fed. Appx. ___, 2014 WL 4358411 (11th Cir. 2014) (Docket No. 12-12928).

While preparing the reply brief, it became evident that the defense proposed jury instructions were never filed in the court record, although the transcripts are clear that they were submitted to the court and discussed during the charge conference.

Appellant's counsel has discussed this with appellee's counsel, and there is no objection to filing the attached Defendant's Proposed Jury Instruction No. 4. The parties agree that it was submitted to the court and discussed during the charge conference, and it relates directly to an issue on appeal.

WHEREFORE, appellant prays this Honorable Court allow him to supplement the record by filing the attached Defendant's Proposed Jury Instruction No. 4 in this record and with the district court.

*s/ Randee J. Golder*
Randee J. Golder, Esq.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished through the CM/ECF system to:

Harriett Galvin, Asst. U.S. Attorney
U.S. Attorney's Office, Appellate Div.
99 N.E. 4th St.
Miami, FL  33132

on this 14th day of October, 2014.

                                            s/ *Randee J. Golder*
                                            Randee J. Golder, Esq.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### Confession or Statement of a Single Defendant and Multiple Defendants[9]

If the Government offers evidence that this Defendant made a statement or admission to someone, or that an alleged Participant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant or alleged Participant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

Any such statement of an alleged Participant is not evidence about this Defendant.

---

[9] Eleventh Circuit Pattern Jury Instructions (2010) Special Instruction No. 2.1 & 2.2 (combined).